JAY RORTY [SBN: 135097]
Law Offices of Jay Rorty
835 Cedar Street
Santa Cruz, CA 95060
jay@rortylaw.com
Tel: 831-316-0722

Attorney for Defendant Davis Kiryakoz

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-00750-EJD |
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM,** |
| DAVIS KIRYAKOZ, | |
| Defendant. | |

## I. INTRODUCTION

Davis Kiryakoz has accepted responsibility for his involvement in the conspiracy to transport stolen wine as alleged in Count 1 of the written plea agreement. The defense agrees with the sentencing factors articulated by the Probation Office, and agrees with Probation that a variance from the otherwise applicable guideline is appropriate, but requests that Court sentence Mr. Kiryakoz to probation rather than the fifteen months recommended by United States Probation. The Probation Office has concluded that a variance is advisable after careful consideration of Mr. Kiryakoz's family responsibilities and recent hardships, most particularly his need to care for his ailing mother following his father's recent death.

The Probation Officer believes that Mr. Kiryakoz's other relatives could care for his mother during his confinement. (PSR at p.2.) In an email sent to undersigned counsel (attached as

1

Exhibit A), Mr. Kiryakoz offers further evidence that he is uniquely situated to care for his mother, whose medical needs have grown since the PSR was prepared.

In addition to requesting a variance, Mr. Kiryakoz objects to the 14-level increase to his calculated sentence on the grounds that the loss calculation should reflect only the loss attendant to the offense of conviction rather than the loss attributable to an uncharged related offense. Mr. Kiryakoz admitted sending stolen property in interstate commerce. The property in question, a number of bottles of expensive wine, was the product of an uncharged theft. Probation and the government seek to attribute the loss of the entire theft to Mr. Kiryakoz, rather than the value of the wine he admitted transporting. The result is a two-level difference, or a nine-month difference in the low end of either range, 24 months at the level used by Probation, 15 months as argued by the defense.

In effect, Probation's recommendation is to vary down the level which the defense contends is the guideline sentence before any variance. The defense respectfully requests the court find that correct adjusted offense level is 12 rather than 14, or if the court finds that 14 is the correct offense level, vary down from a 24 months guideline to a sentence of probation, based on factors related to the defendant's circumstances as permitted by 18 U.S.C. 3553(a), in this case the need to care for his aged mother.

Finally, to the extent the government is requesting restitution for wine that was stolen, but not shipped, the defense objects for the reasons cited above with respect to the loss calculation.

## II.  GUIDELINE CALCULATION AND JUDICIAL DISCRETION

I.    THIS COURT HAS DISCRETION TO IMPOSE A REASONABLE SENTENCE BELOW THE CALCULATED GUIDELINE RANGE.

In the wake of *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court has made clear that district courts have discretion to consider all of the characteristics of the offender and circumstances of the offense, and to reject advisory guidelines that are not based on national sentencing data and empirical research, or for some other reason do not provide an appropriate sentence for the individual defendant. See *Spears v. United States*, 555 U.S. 261, 265-266 (2009) (per curiam) (holding that district courts may categorically reject guideline in mine-run cases

based on a policy disagreement with the Guidelines); *Rita v. United States*, 551 U.S. 338 (2007); *Gall v. United States*, 552 17 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007). Sentencing courts must calculate and consider the guideline range as a "starting point in sentencing," but may sentence outside that range if such a sentence is reasonable in light of the factors set forth in 18 U.S.C. §3553(a). *Gall*, 552 U.S. at 49-50. The district court shall not presume that a within-guideline sentence is reasonable. *Id.* at 50; *Rita v. United States*, 551 U.S. 338, 351 (2007).

Next, this Court must consider the pertinent §3553(a) factors, and decide whether those factors call for a sentence outside the Guidelines. *Gall*, 552 U.S. at 49-50. The sentencing judge is required "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Tadio*, 663 F.3d 1042, 1052 (9th Cir. 2011) citing *Koon v. United States*, 518 U.S. 81, 98 (1996). This Court may impose an out-of-guidelines sentence based on a combination of mitigating factors, including those which the advisory guidelines previously prohibited or discouraged by the Guidelines. The Court may consider all "information concerning the background, character, and conduct of [the defendant]...for the purpose of imposing an appropriate sentence." 18 U.S.C. §3661; *Rita*, 551 U.S. at 364-65 (sentencing courts may consider all factors including age, education, mental or emotional condition, medical condition, employment history, lack of guidance as a youth, family ties, or charitable service). Sentencing courts need not and may not require "'extraordinary' circumstances to justify a sentence outside the Guidelines and no courts may use a proportional formula "for determining the strength of the justifications required for a specific sentence." *Gall*, 552 U.S. at 41. This Court need only find that due to the pertinent factors, the appropriate sentence falls outside the guideline range. See *Rita*, 551 U.S. at 351; *Nelson v. United States*, 555 U.S. 350, 351 (2009).

Finally, the over-arching directive in §3553(a) is for sentencing courts to impose a sentence that is "sufficient, but not greater than necessary," to accomplish the purposes set forth in §3553(a)(2). The authority of this Court to exercise its discretion to consider all the relevant factors and grant sentences below the Guidelines range has a significant impact in this case.

If the court determines that a sentence outside the guideline range is justified and reasonable, then it must decide what sentence is warranted, and must adequately explain its reasoning, "to allow for meaningful appellate review and to promote the perception of fair sentencing," applying a "deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 50. In *Rita*, the Supreme Court acknowledged that a district court may exercise its discretion to sentence below the Guideline range, based on its own factfinding, because "the case at hand falls outside the 'heartland,'" because "the Guidelines sentence itself fails properly to reflect §3553(a) considerations," or because "the case warrants a different sentence regardless." 551 U.S. at 351.

In the present case, the only legal obstacle to the reasoned and compassionate sentence of probation in this case is the mandate of 18 U.S.C. §3553 to avoid unwarranted disparities in sentencing between similarly situated defendants. Mitigating factors addressed by §3553(a)(1), and (2), discussed below, justify a sentence of probation for all three of the reasons cited by the *Rita* court. If the Court agrees with the defense that an out-of-guidelines sentence is appropriate in this case, it is respectfully requested that this Court state its reasons with particularity as required by *Gall*, to demonstrate to the appellate court the reasonableness of the sentence. *Gall*, 552 U.S. at 46, 50.

II. A SENTENCE BELOW THE GUIDELINE RANGE IS CONSISTENT WITH THE POLICIES STATED THEREIN.

A. Mr. Kiryakoz's Family Obligations and Recent Hardships Support a Sentence of Probation.

As the PSR aptly notes, Mr. Kiryakoz devotes a substantial amount of time and energy to the care of his mother, with whom he lives. Mrs. Kiryakoz depends on her son emotionally and financially. He escorts her to medical appointments and serves as her translator since she speaks no English. Since the death of Mr. Kiryakoz's father on January 3 of this year, Mrs. Kiryakoz has become even more dependent upon her son.

In the time since the PSR was drafted, Mr. Kiryakoz and his mother have learned that she suffers from diabetes. (Exhibit A.) This condition explains the limited mobility Mrs. Kiryakoz has been experiencing due to discomfort in her back and leg. Mr. Kiryakoz is currently assisting with all aspects of her care and anticipates that these responsibilities will grow in light of her new

4

diagnoses. At a minimum, Mrs. Kiryakoz will need daily medication and access to specialized medical care, requiring additional time and financial commitments. (Exhibit A.)

In response to the suggestion in the PSR that another family member might care for Mrs. Kiryakoz during her son's confinement, Mr. Kiryakoz notes that there are many hurdles to transferring her care. His nephew, who currently lives with them, will likely be moving closer to his job in Fremont to eliminate his lengthy daily commute. Mr. Kiryakoz's brother has two children and an unpredictable schedule as a sales associate. (Exhibit A.) These obligations make it very difficult for him to accompany his mother to medical appointments and assist with other aspects of her daily care. Having no children of his own and living under his mother's roof has enabled Mr. Kiryakoz to assist her with basic needs whenever he is home, which no one else is in a position to offer at this time.

A sentence of probation would allow Mr. Kiryakoz to continue supporting his mother through this difficult time and help her meet her medical needs. Imprisonment would represent a tremendous hardship on the whole family. These are truly extraordinary circumstances involving an individual defendant for whom this crime was an aberration.

B. Probation Achieves the Sentencing Goals Set Forth in the Guidelines.

Sentencing factors 3553(a)(2)(A)-(D) support a sentence below the guidelines range. Those factors are analyzed as follows:

A) *Whether the sentence reflects the seriousness of the offense*. The most significant aspect of this factor is the meaning of the "offense." Sentencing is an individualized process and in conspiracy case such as this one, the consideration of the offense is limited to the individual defendant's role. Here, Mr. Kiryakoz has admitted to conspiring to ship stolen wine. He did not steal or conspire to steal the wine. Co-defendant Georgis planned all of the thefts with other unindicted co-conspirators and communicated with the unindicted buyer, who arranged for transport using his personal shipping accounts. The government now seeks to punish Mr. Kiryakoz for the thefts after declining to prosecute him for those crimes. Mr. Kiryakoz respectfully requests that this Court consider only his conduct and only the evidence underlying Count 1 as the bases for his sentence.

B) *Whether the punishment affords adequate deterrence to criminal conduct.* Mr. Kiryakoz has no history of stealing or conspiring with others and he is deeply ashamed of his conduct, which overshadowed the last months of his father's life. He acknowledges that his participation in the shipment of stolen goods harmed businesses in his own community as well as his own family. Since his arrest, Mr. Kiryakoz has been caring for his parents and pursuing his career in construction. As demonstrated in the attached letters of support (Exhibit B), also provided to Probation, his professional and family commitments are unwavering. Mr. Kiryakoz knows that any violation of probation will further jeopardize his professional reputation and put his mother's health and wellbeing at risk. Therefore, a criminal conviction coupled with probation and a restitution obligation are more than adequate to deter Mr. Kiraykoz from committing any future crimes.

C) *Whether the sentence protects the public from future crimes of the defendant.* Mr. Kiryakoz is 45 years old. He has one misdemeanor conviction from 11 years ago. All of the available evidence indicates that Mr. Kiryakoz is dedicated to his work and family and that his involvement in the charged crimes was an aberration. His conduct since the time of his arrest has confirmed this. There is no indication that he poses any further threat to the public. Therefore, a sentence of probation is appropriate.

D) *Whether the sentence provides the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.* Mr. Kiryakoz needs no further education, vocational training, or medical needs that might be met through a longer period of confinement. His employer alludes to Mr. Kiryakoz as a "skilled craftsman." and advocates for leniency on his behalf so he may continue to work. (Exhibit A at pp.5-6.)

III. MR. KIRYAKOZ OBEJCTS TO LOSS AND RESTITUTION CALCULATIONS THAT INCLUDE THE VALUE OF WINE THAT WAS NEVER SHIPPED.

A. The Loss Directly Caused By Mr. Kiryakoz Is Limited to the Shipped Wine.

The PSR correctly notes that while the guideline for a violation of 18 U.S.C. section 371 is USSG section 2X1.1, the conduct described in Count 1 corresponds to the guideline 2B1.1—Transportation of Stolen Goods—as contemplated in the Plea Agreement. The PSR also correctly

calculates the value of the wine shipped at $374,679. (PSR at p.1). However, in its final calculation the PSR incorrectly places this figure at $871,447. (PSR at p.7). Mr. Kiryakoz agrees that the lower figure accurately reflects the value of the contraband with which he personally came into contact. He was not involved with the wine thefts or charged with that crime. Consequently, the value of the stolen wine that was never shipped should not be factored into his calculated sentence. Consequently, the correct adjusted offense level for loss is 12 rather than 14.

### B.  Mr. Kiryakoz Objects to the Restitution Amount

A dispute as to the proper amount of restitution must be resolved by the district court by a preponderance of the evidence. 18 U.S.C. § 3664; *United States v. Waknine,* 543 F.3d 546, 556 (9th Cir.2008) (citing 18 U.S.C. § 3664(e); *United States v. Clayton,* 108 F.3d 1114, 1118 (9th Cir.1997)). As with the loss calculation, Mr. Kiryakoz disputes that he is criminally liable for restitution attributable to the wine that was stolen, but never shipped. The defense objects to any restitution order that includes contraband Mr. Kiryakoz had no role in obtaining and with which he never came into contact. The defense request that the court impose $374,679.00 in restitution.

### **CONCLUSION**

Mr. Kiryakoz humbly and respectfully accepts responsibility for his conduct and asks that the Court impose a sentence of probation so that he may continue to care for his ailing mother. Consistent with the policies underlying the guidelines, he further objects to any restitution or loss calculation that includes the value of wine that was stolen, but never shipped.

Respectfully Submitted,


Jay Rorty

Attorney for Davis Kiryakoz