BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

CYNTHIA FREY (DCBN 475889)
Assistant United States Attorney

     150 Almaden Boulevard, Suite 900
     San Jose, California 95113
     Telephone: (408) 535-5061
     FAX: (408) 535-5066
     Cynthia.Frey@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO.: 16-0039 BLF |
| | ) |
| Plaintiff, | ) UNITED STATES' SENTENCING |
| | ) MEMORANDUM |
| v. | ) |
| | ) |
| DAVIS KIRYAKOZ, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**INTRODUCTION**

The defendant, Davis Kiryakoz, plead guilty to conspiracy in relation to the transportation of stolen goods in interstate commerce, in violation of 18 U.S.C. §§ 371 and 2314. The defendant's plea was pursuant to a Plea Agreement filed under Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The United States Probation Office calculated in the Presentence Investigation Report (PSR) that the total adjusted offense level is 17 and the Criminal History Category is I, with a resulting Guidelines range of a 24 to 30 month term of imprisonment, in Zone D of the Guidelines. The United States does not agree that a variance outside the Guidelines is appropriate. Rather, the United States submits that a low-end Guidelines sentence is appropriate in this case and is recommending a term of 24 months imprisonment, three years of supervised release, a fine to be determined by the Court,

UNITED STATES' SENTENCING MEMORANDUM
CR 16-0039 BLF

a $100 special assessment, an order of restitution in the amount of $585,715, and forfeiture as agreed upon in the amount of $80,450. The United States submits that this sentence is necessary to adequately deter the defendant from committing any offenses in the future and is sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

**DISCUSSION**

It is now well established that in determining the appropriate sentence, this Court must conduct a two-step inquiry: (1) it must first correctly calculate the applicable Guidelines range as the "starting point"; and (2) it must next assess the factors set forth in 18 U.S.C. § 3553(a) to fashion an individualized sentence that is sufficient, but not greater than necessary, to achieve the aims of the statute. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

**I.      Offense Conduct**

Between March 27, 2013 and January 22, 2015, the defendant agreed with Alfred Georgis and others to transport stolen wine in interstate commerce. As part of this conspiracy, the defendant, Georgis, and others were involved in stealing wines from various restaurants and wine merchants, including The French Laundry, Alexander Steakhouse, and Fine Wines International, and then transporting the wines for sale to a buyer in North Carolina (the Buyer). In fact, the cell site information places the defendant at each of the burglaries at the time of the burglaries, each of which occurred in the early morning hours. The United States also obtained evidence that during this conspiracy, the defendant was involved in a number of other burglaries of high end wines that were later transported in interstate commerce by his co-conspirators to the Buyer in North Carolina. Nevertheless, the plea agreement by its terms limits the relevant conduct to that involving The French Laundry, Alexander Steakhouse, and Fine Wines International. The following is a summary of the facts to which the defendant pled guilty.

**Transportation of Stolen Wines from French Laundry**

The defendant conspired with Georgis to steal approximately 110 bottles of high end wines, valued at the time at approximately $549.447, from The French Laundry, in Yountville California in the early morning hours of December 26, 2014. The defendant and Georgis also made arrangements to sell approximately 63 bottles of stolen wines from California to the Buyer in North Carolina. The defendant

and his co-conspirator shipped the wines from Modesto, Los Gatos, and San Jose, California, to North Carolina. In exchange, the defendant and his designees received wires totaling approximately $66,700. Georgis received approximately $7,500. The defendant and Georgis did not receive all the money negotiated for the sale because the Buyer learned that the wines had been stolen from The French Laundry and told them that he would not pay because they were stolen. The defendant and Georgis told him to pay or return the wines, indicating that they would get other buyers. The defendant and Georgis did not get the wines back from the Buyer. Instead, the Buyer arranged to have the wines turned over to law enforcement to be returned to The French Laundry.

As indicated above, the total value of the wines stolen from The French Laundry was approximately $549.447. The value of the stolen wines that were shipped in interstate commerce was approximately $221,374. The French Laundry, as part of its victim impact statement, reported that its insurance carrier paid $253,715 and that The French Laundry paid a $10,000 deductible, for a total loss of $263,715.

**Transportation of Stolen Wines from Alexander Steakhouse.**

The defendant also conspired with Georgis to steal approximately 29 bottles of high end wines, with a value of approximately $32,000, from Alexander's Steakhouse in Cupertino, California in the early morning hours of November 8, 2014. On or about November 8, 2014, the defendant arranged with his co-conspirators to ship approximately 17 bottles of the stolen wines from California to the Buyer in North Carolina. The defendant and his co-conspirators shipped the wines from Los Gatos, California. The defendant and Georgis instructed the Buyer to wire the defendant $5,750 and to send to Georgis via Federal Express an official check made out to Alfred Georgis in the amount of $5,750.

As indicated above, the total reported value of the stolen wines was approximately $32,000 and the value of the stolen wines shipped in interstate commerce was approximately $25,550.[1]

**Transportation of Stolen Wines from Fine Wines International**

The defendant pled guilty to conspiring with Georgis and others to steal wine from Fine Wines International in San Francisco for later sales and transportation to North Carolina. The wines were

---

[1] The United States has not yet received a victim impact statement from this victim.

UNITED STATES' SENTENCING MEMORANDUM
CR 16-0039 BLF

stolen shortly after midnight on March 27, 2013 and amounted to approximately 142 bottles of high end wines, with a value of $290,000. Although the defendant attempts to minimize his direct involvement in this burglary, the fact is that cell site information shows that the defendant was in the vicinity of Fine Wines International, located in a warehouse district of San Francisco, at midnite when the burglary occurred. The defendant and his co-conspirators then made arrangements to ship approximately 50 bottles of the stolen wines from California to the Buyer in North Carolina from March 28, 2013, to April 3, 2013. The defendant received approximately $8,000 in money orders in relation to this conspiracy and cashed them between March 29 and 30, 2013. The defendant's co-conspirators also received payments in the form of blank money orders.

As indicated above, the total value of the stolen wines was approximately $290,000 and the value of the stolen wines shipped in interstate commerce was approximately $127,755. The insurance carrier for Fine Wines International paid out approximately $255,333.

**II.      Guidelines Range**

**A.       The Offense Level is 17 and the Criminal History Category Is I**

The defendant argues that the offense level should be calculated based solely upon the value of the stolen property shipped in interstate commerce, which would then result in a total offense level of 15, rather than 17. The defendant provides no authority to support this proposition. Based upon the guidance in the Sentencing Guidelines, the loss amount should be based upon the total amount of wines stolen, $871,447, which requires a 14-level increase in offense level pursuant to U.S.S.G. § 2B1.1(b)(1)(H) for "loss" in excess of $550,000 and less than $1,500,000.

Under U.S.S.G. § 2B1.1, Application Note 3, loss is calculated as the greater of the actual loss or intended loss. "Actual loss" is defined as the "reasonably foreseeable pecuniary harm that resulted from the offense." Further, "reasonably foreseeable pecuniary harm" is defined as pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense. The defendant admitted to being involved in stealing the wines and transporting the wines for sale to North Carolina. (*See* Plea Agreement, ¶ 2.) The pecuniary harm is based upon the value of the wines stolen and it is reasonably foreseeable that the value of the wines stolen may be greater than the value of the wines transported in interstate commerce.

UNITED STATES' SENTENCING MEMORANDUM
CR 16-0039 BLF

Pursuant to the Sentencing Guidelines, relevant conduct can be determined based upon acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant. U.S.S.G. § 1B1.3. The Sentencing Guidelines also require that a defendant be held accountable for the conduct of others that is (i) within the scope of the jointly undertaken activity; (ii) in furtherance of that criminal activity; and (iii) reasonably foreseeable in connection with that criminal activity. U.S.S.G. § 1B1.3. Here, the defendant admitted to being involved in stealing the wines. Even if the defendant were not directly involved in stealing the wine, the Sentencing Guidelines require that all conduct that is "part of the same course of conduct or common scheme or plan as the offense of conviction" is relevant conduct and shall be considered in determining the value of the "loss" under U.S.S.G. § 2B1.1. *United States v. Rose*, 20 F.3d 367, 371 (9th Cir. 1994) (quoting *United States v. Fine*, 975 F.2d 596, 599 (9th Cir. 1992)). It is irrelevant whether the defendant was charged or convicted of the theft of the wine in this case, as the Sentencing Guidelines "require rather than prohibit consideration of conduct beyond the counts on which a defendant was convicted." *Id*.

Accordingly, the loss amount that should be used to calculate the offense level is the value of the wines stolen, rather than the value of the wines transported in interstate commerce. The value of the wines stolen was conservatively estimated at $871,447, and requires a 14-level increase in offense level.

**III.   A Sentence of Two Years Is Sufficient, But Not Greater than Necessary to Fulfill The Goals of 18 U.S.C. § 3553(a).**

In sentencing the defendant, this Court must consider the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005). The factors that this Court must consider under Section 3553(a) include:

- the nature and circumstances of the offense, § 3553(a)(1);

- the history and characteristics of the defendant, § 3553(a)(1);

- the kinds of sentences available, § 3553(a)(3);

- the sentencing guideline range, § 3553(a)(4);

- pertinent Sentencing Commission policy statements, § 3553(a)(5);

- the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and

- the need to provide restitution to victims of the offense, § 3553(a)(7).

"The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of § 3553(a). *Carty*, 520 F.3d at 991 (internal quotations omitted). Those goals include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2)

**A.    The Offense is a Serious Offense.**

Although the defendant is charged with transportation of stolen wines, the facts to which the defendant pled guilty make it clear that stealing the wine was part of the conspiracy and the defendant was involved in the burglaries. Burglary is serious crime that is violent in nature. Although burglary in California is not considered to be categorically a crime of violence, burglaries can easily lead to violence if any persons were inside the establishments and attempted to protect the wines and themselves.

Moreover, the amount of stolen wines at issue and the duration of this conspiracy make this a serious offense. The value of the wines stolen is almost $900,000, which is significant. Moreover, the defendant's conduct was not limited to one incident. Rather, he participated in a course of conduct that took place over almost 2 years.

Given the seriousness of the offense, a Guidelines sentence is appropriate.

**B.    A Variance in the Guidelines is Not Warranted**

The defendant seeks a downward variance of probation. This is simply not remotely adequate to achieve the goals of Section 2553(a).

First, the Guidelines range in this case is in Zone D and probation is not appropriate in such cases. *See* U.S.S.G. § 5C1.1.

UNITED STATES' SENTENCING MEMORANDUM
CR 16-0039 BLF

Second, as indicated in the summary of the offense conduct, there is evidence that the conspiracy involved several more burglaries and shipments from California to the Buyer in North Carolina. The United States already agreed to limit the exposure of the defendant to only the above discussed three burglaries and subsequent shipments of stolen wines. In so doing, the defendant is already receiving leniency and, thus, no downward variance is appropriate.

Third, the defendant further submits that the defendant must care for his mother. While the United States recognizes such family care may be taken into account, it does not believe that in this case it warrants a variance. The PSR itself indicates that the defendant has two brothers that live in Modesto and a nephew that also lives in the same house. (*See* PSR, ¶ ¶ 51 and 55.) There is nothing to indicate that those persons are not able to handle the care of the defendant's mother. Thus, the United States does not agree that a variance is warranted for family care in this case.

A Guidelines sentence is reasonable and appropriate in this case.

**C.      The Restitution Amount Is $585,715**

Restitution was appropriately calculated by Probation based upon the full amount of the victims' losses. (*See* PSR, ¶ 86 and Recommendation; U.S.S.G. § 5E1.1.) The victims' losses are not limited to the value of the wines shipped in interstate commerce, as that does not constitute the full amount of the victims' losses. Thus, pursuant to the Guidelines, the defendant should be ordered to pay restitution in the amount of $585,715.

**D.      Forfeiture is Required**

Pursuant to the plea agreement, the defendant is required to forfeit the amounts that he received in relation to his conspiracy, $80,450.

**E.      Based Upon Section 3553(a) Factors, A Sentence of Two Years Imprisonment and Three years of Supervised Release Is Appropriate**

The sentence should reflect the seriousness of the offense, it should be significant enough to deter such conduct in the future and most importantly the sentence should be significant enough to protect the public from the defendant's criminal activities. The United States submits that a Guidelines sentence of two years imprisonment and three years of supervised release is necessary to appropriately

address all such considerations and is a reasonable and appropriate sentence in this case. The United Sates recommends the following sentence:

- A term of two years of imprisonment;
- Three years of supervised release;
- A fine as determined by the Court:
- A $100 special assessment:
- Restitution in the amount of $585,715
- Forfeiture in the amount of $80,450

**CONCLUSION**

In full consideration of the defendant's history and characteristics together with the other goals of sentencing, the United States respectfully requests that the Court sentence the defendant as set forth above.

DATED: March 22, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

_____/s/_____

CYNTHIA FREY
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 16-0039 BLF